United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREAT AMERICAN INSURANCE CO., *et al.*, <br><br> Defendants. _____/ | No. C-04-0492 PJH (EMC) <br><br><br> **ORDER RE MEET AND CONFER FOR EIGHT DISCOVERY MOTIONS** |

  This Court has twice issued orders instructing the parties to meet and confer because of inadequate efforts to meet and confer. In spite of the Court's prior orders, it is confronted once again with the same situation, and this time with respect to eight different discovery motions. Most of the meet and confers took place by letter writing, which is in direct violation of the Court's standing order on discovery, and, where meet and confers did take in person or by telephone, they do not appear to have been undertaken in good faith (*e.g.*, discovery dispute brought up at a mediation session or deposition, meet and confer conducted without any substantive discussion of the issues). Moreover, in some instances, a meet and confer did not even take place.

  Accordingly, the Court hereby orders as follows. The parties shall meet and confer on *all* eight discovery motions. *See* Docket Nos. 123, 127, 131, 133, 138, 144, 145, and 146. The meet and confer shall be *in person* with the participation of counsel who have *full and complete* authority on discovery matters. In addition, lead trial counsel must be available (at the very least by telephone) to participate in the meet and confer where necessary. The parties are forewarned that,

before a party will be permitted to seek judicial resolution of any discovery dispute, that dispute must have been substantively discussed by lead trial counsel. The parties are also forewarned that Court staff may monitor the meet and confer to ensure that the meet and confer discussions are undertaken in good faith.

The meet and confer shall take place in the U.S. Courthouse in San Francisco on **July 8, 2005, at 10:00 a.m.** The parties should convene in Courtroom C.

If there are any disputes that remain after the meet and confer process, the parties shall file a joint letter by **5:00 p.m. on July 15, 2005**. In the letter, the parties shall identify the names of the participants (including lead trial counsel), each remaining dispute, and a brief statement of the parties' respective position on each such dispute. Applicable legal authority should be cited and discussed where necessary. The parties should use the attached template for their joint letter. Absent further order of the Court, the joint letter shall be filed in lieu of any formal briefing (whether opposition or reply) on the discovery motions.

As a final note, the Court cautions the parties that both sides have engaged in unnecessary posturing and the Court will not look kindly upon any party that continues to engage in such conduct. The Court further cautions the parties that any party that takes a position that is not substantially justified may be subject to sanctions. The Court notes for the parties' benefit that there many issues that they should be able to resolve without the need for judicial intervention, in particular, those disputes that do not raise any privilege issues. The Court fully expects that the parties, in meet and conferring *in good faith*, will be able to resolve at the very least these matters.

///
///
///
///
///
///
///
///

The August 3, 2005, hearing on the eight discovery motions is hereby VACATED. To the extent that the joint letter raises discovery disputes in need of judicial resolution, those disputes shall be heard on **August 4, 2005, at 9:30 a.m.** The Court reserves the authority to require lead trial counsel to attend the hearing.

IT IS SO ORDERED.

Dated: July 1, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

**EXHIBIT 1 -- SAMPLE JOINT LETTER**

[Date]

VIA [METHOD][1]

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re: [Case number and case name]

Dear Judge Chen:

The parties have met and conferred regarding several discovery disputes. The meet and confer took place on [date], with the participation of [Plaintiff's attorney], representing Plaintiff, and [Defendant's attorney], representing Defendant. The meet and confer was [in person or over the telephone] and lasted approximately [minutes or hours].

### I.   RESOLVED DISCOVERY DISPUTES

The parties reached agreement on several discovery disputes. Those agreements are as follows:

[Description of Agreement No. 1.]

[Description of Agreement No. 2.]

[Description of Agreement No. 3, etc.]

### II.   REMAINING DISCOVERY DISPUTES

The parties were not able to reach agreement on the remaining discovery disputes. Those remaining disputes and the parties' respective positions are provided below. Copies of the relevant discovery requests and responses are attached as Exhibits [numbers].[2]

A.   [Dispute No. 1]

---

[1] Note for Counsel: The Court may request a courtesy copy of the joint letter to be faxed to chambers. If so, counsel should still file a copy of the joint letter with the Clerk of the Court. The letter faxed to chambers is a courtesy copy only. *As a general matter, parties may not fax any papers to the Court without prior leave of the Court.*

[2] Note for Counsel: Unnecessary exhibits should not be attached.

United States District Court
For the Northern District of California

   1. [Position of Party Seeking Discovery]³

   2. [Position of Party Opposing Discovery]

B. [Dispute No. 2]

   1. [Position of Party Seeking Discovery]

   2. [Position of Party Opposing Discovery]

C. [Dispute No. 3]

   1. [Position of Party Seeking Discovery]

   2. [Position of Party Opposing Discovery]

D. [Dispute No. 4, etc.]

   1. [Position of Party Seeking Discovery]

   2. [Position of Party Opposing Discovery]

Sincerely,


[Plaintiff's counsel]         [Defendant's counsel]
Attorney for Plaintiff         Attorney for Defendant

---

³ Note for Counsel: Each party's position should be stated succinctly (*e.g.*, in one paragraph). The purpose of the joint letter is to inform the Court of the essence of the dispute in lieu of full briefing. The Court may order full briefing and/or a hearing if necessary.

**EXHIBIT 1 -- SAMPLE JOINT LETTER**

[Date]

VIA [METHOD][4]

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: [Case number and case name]

Dear Judge Chen:

    The parties have met and conferred regarding several discovery disputes. The meet and confer took place on [date], with the participation of [Plaintiff's attorney], representing Plaintiff, and [Defendant's attorney], representing Defendant. The meet and confer was [in person or over the telephone] and lasted approximately [minutes or hours].

### I.    RESOLVED DISCOVERY DISPUTES

    The parties reached agreement on several discovery disputes. Those agreements are as follows:

    [Description of Agreement No. 1.]

    [Description of Agreement No. 2.]

    [Description of Agreement No. 3, etc.]

### II.    REMAINING DISCOVERY DISPUTES

    The parties were not able to reach agreement on the remaining discovery disputes. Those remaining disputes and the parties' respective positions are provided below. Copies of the relevant discovery requests and responses are attached as Exhibits [numbers].[5]

A.    [Dispute No. 1]

    1.    [Position of Party Seeking Discovery]

    2.    [Position of Party Opposing Discovery]

---

[4] Note for Counsel: The Court may request a courtesy copy of the joint letter to be faxed to chambers. If so, counsel should still file a copy of the joint letter with the Clerk of the Court. The letter faxed to chambers is a courtesy copy only. *As a general matter, parties may not fax any papers to the Court without prior leave of the Court.*

[5] Note for Counsel: Unnecessary exhibits should not be attached.

B.    [Dispute No. 2]

    1.    [Position of Party Seeking Discovery]

    2.    [Position of Party Opposing Discovery]

C.    [Dispute No. 3]

    1.    [Position of Party Seeking Discovery]

    2.    [Position of Party Opposing Discovery]

D.    [Dispute No. 4, etc.]

    1.    [Position of Party Seeking Discovery]

    2.    [Position of Party Opposing Discovery]

Sincerely,


[Plaintiff's counsel]                          [Defendant's counsel]
Attorney for Plaintiff                        Attorney for Defendant