UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONY COMPUTER ENTERTAINMENT AMERICA, INC.,

    Plaintiff,

v.

GREAT AMERICAN INSURANCE CO., *et al.*,

    Defendants.

_____/

No. C-04-0492 PJH (EMC)

**AMENDED NOTICE OF TENTATIVE RULINGS RE MOTIONS TO COMPEL (Docket Nos. 123, 127, 131, 133, 138, 141)**

TO ALL PARTIES AND ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING FOR THE MOTIONS TO COMPEL REFERENCED ABOVE, SCHEDULED FOR HEARING ON AUGUST 4, 2005, AT **9:30 A.M.**

    The Court has reviewed the parties' papers and thus does not wish to hear the parties re-argue matters addressed in those documents.

A.    <u>SCEA's Motions to Compel Against AISLIC</u>

    In light of the motion to disqualify filed by AISLIC, this Court's tentative rulings on the motions to compel are contingent upon the resolution by Judge Hamilton of the motion to disqualify.

    1.    <u>Motion to Compel Inspection and Testing (Docket No. 133)</u>

    The Court tentatively DENIES SCEA's motion to compel inspection and testing. SCEA has not shown why it should still be entitled to a physical inspection of AISLIC's intranets when AISLIC has offered to search its electronic files again and, more important, make a 30(b)(6) witness available for deposition.

2. <u>Motion to Compel Production of Documents (Docket No. 138)</u>

   a. <u>Documents Not in Hard Copy "Claims" and "Underwriting" Files</u>

The Court tentatively GRANTS SCEA's motion to compel with respect to these documents. SCEA's complaint regarding production of electronic documents is largely without merit as addressed above. However, SCEA does have a valid point regarding responsive documents being in places other than the "claim" and "underwriting" files. AISLIC should certify in a declaration that it has conducted a search for responsive documents in all places where responsive documents are likely to be – not just those two files.

   b. <u>Interpretive Materials and Policy Drafting History (RFPs Nos. 17-20, 28, 51-58)</u>

The Court tentatively GRANTS SCEA's motion to compel with respect to these documents. Although there many terms, AISLIC has not shown that it would be unduly burdensome to search for responsive documents when all of the terms are used in the same policy. In other words, it is unlikely that, simply because of the number of terms in the policy, AISLIC will have to check many different sources to find responsive documents. Rather, there are probably responsive documents for the policy as a whole.

   c. <u>Organizational Charts (RFPs Nos. 23-26)</u>

The Court tentatively GRANTS SCEA's motion to compel with respect to these documents. AISLIC should provide a declaration certifying that it has not been able to locate any relevant organizational charts.

   d. <u>Broker Compensation and Renewal Action Plans (RFPs Nos. 30-31)</u>

The Court tentatively GRANTS in part and DENIES in part SCEA's motion with respect to these documents. With respect to RFP No. 30, there appears to be a problem with relevance. It is not clear why SCEA would need all broker agreements involving AISLIC from 1999 and on, especially when, as AISLIC points out, there are no allegations of broker impropriety. As for RFP No. 31, AISLIC should certify in a declaration that it has produced documents regarding renewal and SCEA.

United States District Court

For the Northern District of California

    e.  <u>Claims Handling Practices and Similar Claims by Other Insureds (RFPs Nos. 22, 37-40)</u>

  The Court tentatively DENIES SCEA's motion to compel with respect to RFPs Nos. 22, 37, and 38. The Court tentatively orders a further meet and confer with respect to RFPs Nos. 39 and 40.

  Regarding RFP No. 22, it is not clear what else SCEA wants given that AISLIC's 30(b)(6) witness seems to have testified "that it has no written guidelines other than the laws and regulations of the states." Joint letter of 7/15/05, at 7. Regarding, RFPs Nos. 37 and 38, it is not clear what SCEA means by "general letters."

  As for RFPs Nos. 39 and 40, the documents may be relevant under Federal Rule of Civil Procedure 26. Just because SCEA may have a unique policy does not mean that there are not similar policies – *e.g.*, other multimedia professional liability policies regarding electronic products. As for AISLIC's argument of undue burden, AISLIC has not presented sufficient evidence regarding the alleged burden -- *e.g.*, there is no evidence about how AISLIC does in fact organize its files and how many files may be at issue. *See, e.g.*, *Collins v. JC Penney Life Ins. Co.*, No. 02cv0674-L(LAB), 2003 U.S. Dist. LEXIS 8455, at *16-23 (S.D. Cal. May 6, 2003) (discussing burden of production of other insureds' claims). To the extent that there are many documents, then the parties should discuss whether there might be ways to limit the requests – *e.g.*, to claims denied for the same or similar reason that SCEA's claim was denied, to claims handled by the same claim handler(s) who handled SCEA's claim, etc. *See id.* at *12. As for AISLIC's argument of privacy, § 791.13 of the Insurance Information and Privacy Protection Act provides in part that

> [a]n insurance institution, agent, or insurance-support organization shall not disclose any personal or privileged information about an individual collected or received in connection with an insurance transaction *unless* the disclosure is:
>
> . . . .
>
> (f) To a law enforcement or other governmental authority pursuant to law.
>
> (g) Otherwise permitted or required by law.
>
> (h) In response to a facially valid administrative or judicial order, including a search warrant or subpoena.

3

Cal. Ins. Code § 791.13 (emphasis added). The statute does not preclude a court order requiring production in this case. Aside from the Act, the parties have not addressed whether it is possible to redact the personal information of the insureds in order to protect their privacy interests. Finally, is not clear why the parties could not do some sort of notification/consent process as discussed in *Colonial Life & Accident Ins. Co. v. Superior Court*, 31 Cal. 3d 785 (1982), to protect the privacy interests of other insureds. SCEA seems to have made this offer but AISLIC apparently did not respond. *See* Joint letter of 7/15/05, at 7.

        f.      <u>Reinsurance Documents (RFP No. 41)</u>

The Court tentatively GRANTS SCEA's motion to compel with respect to these documents. AISLIC should provide a declaration certifying that it has made no claim under the reinsurance treaty. However, that does not resolve everything with respect to this RFP. For example, AISLIC has not indicated whether there may be documents such as correspondence between itself and the reinsurer about AISLIC's underlying policy covering SCEA. *Cf. Lipton v. Superior Court*, 48 Cal. App. 4th 1599, 1617-18 (1996) (noting that "correspondence between the insurer and reinsurer, not otherwise privileged, which discusses liability, exposure, the likelihood of a verdict in excess of policy limits or coverage issues may well be relevant in discovery").

As for production of the reinsurance treaty itself (whether as an initial disclosure or otherwise), that is a minimal burden on AISLIC. AISLIC suggests that there should be an in camera review of the document, but there is nothing to indicate that it is privileged or otherwise contains confidential information not capable of being protected under the protective order. *See id.* at 1618 (noting that, in a prior case, a court conducted an in camera review of reinsurance documents because of an assertion by the insurer of qualified privilege).

        g.      <u>Underwriting Materials (RFPs Nos. 59-61)</u>

The Court tentatively orders the parties to further meet and confer with respect to these requests. Guidelines used for other *similar* policies may be relevant because they might aid in the interpretation of SCEA's policy (which according to AISLIC is unique). *Cf.* 1 Witkin Sum. Cal. Law Contracts § 696 (noting that "[u]sage or custom may be looked to, both to explain the meaning of language and to imply terms, where no contrary intent appears from the terms of the contract").

Conceivably, at least some of the multimedia professional liability policies are similar to SCEA's policy as SCEA's policy is also a multimedia professional liability policy. However, it is not clear that all of the multimedia professional liability policies are similar; moreover, it is unlikely that all of the other professional liability policies are similar. The parties should meet and confer to determine how best to narrow the scope of the documents to be produced.

        h.      *Nickerson/Muccioli* Documents (RFPs Nos. 62-71)

This dispute appears to have been resolved.

B.    SCEA's Motions to Compel Against American Home

    1.    Motion to Compel Inspection and Testing (Docket No. 127)

The parties have reached an agreement on this motion, contingent upon extensions of discovery (for limited purposes). The Court tentatively shall DENY the motion to compel as moot and recommend to Judge Hamilton that the extensions sought be granted.

    2.    SCEA's Motion to Compel Production of Documents (Docket No. 131)

The parties have reached agreements on the majority of disputes raised in this motion, contingent upon extensions of discovery (for limited purposes). With respect to these agreements, the Court tentatively shall DENY the motion to compel as moot and recommend to Judge Hamilton that the extensions sought be granted.

The one dispute remaining between the parties concerns claims handling practices and similar claims by other insured (RFP Nos. 32-33). The Court tentatively orders the parties to further meet and confer with respect to these documents. American Home argues that the documents sought are not relevant but, in a previous order (which granted SCEA's motion for leave to file an amended complaint), Judge Hamilton stated that a pattern or practice of improper claims handling would be relevant to a claim for punitive damages. *See* Docket No. 97 (order, filed on 4/15/05) (noting, that "[a] 'consistent and unremedied pattern of egregious insurer practices might rise to the level of malicious disregard of the insured's rights'" and that "pattern and practice evidence is admissible on *at least* the punitive damages claim") (emphasis in original). This is the law of the case. If American Home has an argument that, based on *Diamond Woodworks, Inc. v. Argonaut Ins. Co.*, 109 Cal. App. 4th 1020 (2003), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003),

the claims of other insureds are not relevant, then it should take that argument to Judge Hamilton. In any event, it is not clear that those cases make pattern and practice evidence irrelevant to punitive damages claims. *See, e.g.*, *State Farm*, 538 U.S. at 422-23 (stating only that "[a] defendant's *dissimilar acts, independent from the acts upon which liability was premised*, may not serve as the basis for punitive damages" as "[a] defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business") (emphasis added).

As for American Home's argument regarding privilege, as noted above California Insurance Code § 791.13(h) allows for the disclosure of personal or privileged information about an individual collected or received in connection with an insurance transaction "[i]n response to a facially valid administrative or judicial order, including a search warrant or subpoena."

Finally, regarding American Home's argument of burden, the declaration of Angela Guitar does not directly address how American Home maintains its files and filing systems; nor does it address whether a production of documents might be possible if the requests were narrowed (*e.g.*, claims made pursuant to multimedia professional liability policies regarding electronic products, claims denied for the same or similar reason that SCEA's claim was denied). The parties should meet and confer to determine how best to narrow the scope of the documents to be produced. To the extent the meet and confer efforts might be aided by a 30(b)(6) deposition as to show American Home maintains its files and filing systems (not covered by the 30(b)(6) deposition to take place on August 10, 2005), the Court is inclined to allow such a deposition.

C.   American Home's Motions to Compel Against SCEA

This tentative ruling does not address American Home's motion to compel regarding Jennifer Liu and Andrew Vu (Docket Nos. 145-46). Those matters are reserved for full argument at the hearing.

///
///
///
///
///

The parties have resolved American Home's remaining motions to compel (located at Docket Nos. 123 and 144) regarding *Brandt* fees and defense costs, contingent upon extensions of discovery (for limited purposes). The Court tentatively shall DENY the motions to compel as moot and recommend to Judge Hamilton that the extensions sought be granted.

IT IS SO ORDERED.

Dated: August 3, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge