**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONY COMPUTER ENTERTAINMENT
AMERICA,

        Plaintiff,

        v.

AMERICAN HOME INS. CO., et al.,

        Defendants.

_____/

No. C 04-0492 PJH

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

        The parties' cross-motions for summary judgment came on for hearing on August 24, 2005 before this court. Plaintiff Sony Computer Entertainment America ("Sony") appeared through its counsel Martin Myers and defendant American Home Insurance Co. ("American Home") appeared through its counsel Lane Ashley. Having read all submitted papers and carefully considered the relevant legal authority, the court GRANTS American Home's motion for summary judgment and DENIES Sony's motion for summary judgment.[1]

**BACKGROUND**

        A.    Factual Background

        American Home sold Sony a general liability insurance policy, covering any claims brought against Sony between April 1, 2000 and April 1, 2001, for "property damage" Sheen Decl. Exh. A ("Policy"), also at Ashley Decl. Exh. 1.

        The Sony Playstation 2 ("PS2") is a computer entertainment system that plays games that are programmed onto CD-ROM or DVD-ROM discs, which are inserted into its disc drive. The discs are usually sold by third party companies.

---

    [1]    Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

United States District Court

For the Northern District of California

1    In 2002, two class action lawsuits were filed against Sony in state court, Kaen v. Sony

2 and Kim v. Sony.  Am. Home Request for Judicial Notice Exhs. B ("Kaen complaint)" and C

3 ("Kim complaint), also at Herp Decl. Exhs. A, B.  These two cases were consolidated

4 ("Kim/Kaen"), and allege that the PS2 was falsely advertised as able to play game discs and

5 movie DVDs when it in fact was not.  In June 2003, Sony tendered claims based on these

6 lawsuits to American Home, but American Home denied coverage.

7    In October 2003, Sony re-tendered the claims to American Home, and submitted a

8 compilation of customer complaints that PS2s were scratching and damaging their game

9 discs.  American Home again denied coverage.

10    B.    Insurance Policy

11        1.    Provisions

12    The American Home policy has the following relevant provisions:

13    Property Damage: "We will pay those sums that the insured [Sony] becomes legally

14 obligated to pay as damages because of . . . property damage."  Policy Section I(A)(1)(a).

15 Property damage is defined as "a) physical injury to tangible property, including all resulting

16 loss of use of that property . . . . [and] b) loss of use of tangible property that is not physically

17 injured. . . ."  Id. Section V(15).

18        2.    Exclusions

19    Certain exclusions to coverage are relevant to this motion as well.

20    The policy excludes coverage for "damage to your product."  This is defined as

21 "'property damage' to 'your product' arising out of it or any part of it."  Policy Section

22 I(A)(2)(k).[2]

23    The policy also excludes coverage for "damage to impaired property or property not

24 physically injured."  This is defined as "'property damage' to 'impaired property' or property

25

26        [2]    "Your product" is defined as "any goods or products . . . manufactured, sold,
27 handled, distributed, or disposed of by 1) you," and includes "warranties or representations made
   at any time with respect to the fitness, quality, durability, performance, or use of 'your product.'"
28 Policy Section V(18).

2

1  that has not been physically injured, arising out of a defect, deficiency, inadequacy, or

2  dangerous condition in 'your product' . . ."  Policy Section I(A)(2)(m).[3]  However, the impaired

3  property exclusion "does not apply to the loss of use of other property arising out of sudden

4  and accidental physical injury to your product . . . after it has been put to its intended use."  This

5  is known as the "sudden and accidental" exception.  Id.

6          C.       Procedural History

7          Sony has filed suit against American Home, claiming breach of contract for failure to

8  defend and indemnify, and for breach of the implied covenant of good faith and fair dealing.

9  The parties agree that there are no disputed facts at issue, and both move for summary

10 judgment or partial summary judgment on the question of whether American Home has

11 breached its duty to defend Sony.  American Home also moves for summary judgment on the

12 indemnity, bad faith, and punitive damages claims.

13                                      **DISCUSSION**

14         A.       Legal Standard

15                  1.       Summary Judgment

16         Summary judgment is appropriate when the evidence shows there is no genuine issue

17 of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

18 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

19                  2.       Duty to Defend

20         Under Montrose Chemical Corp. v. Superior Court, an insurance carrier's duty to

21 defend its insured from a third-party lawsuit extends broadly to require that the carrier defend

22 all suits which even potentially seek damages that are within the scope of the policy.  6 Cal.4th

23 287, 299 (1993).  See also, e.g., Lebas Fashion Imports v. ITT Hartford Ins. Grp., 50 Cal. App.

24 4th 548, 5567 (1996) (duty to defend may only be excused "when third-party complaint can by

25

26         [3]      "Impaired Property" is defined as "tangible property, other than 'your product' . . .that
   cannot be used or is less useful because . . . it incorporates your product . . . that is known or
27 thought to be defective, deficient, inadequate, or dangerous . . .; if such property can be restored
   to use by the repair, replacement, adjustment, or removal of your production."  Policy Section
28 V(7).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  no conceivable theory raise a single issue which would bring it within the policy coverage.").

2  However, the insurer is not required to defend against speculative, unpled claims.  <u>Gunderson</u>

3  <u>v. Fire Insurance Exch</u>., 37 Cal. App. 4th 1106, 1114 (1995).

4       In evaluating whether a duty to defend exists, the insurance carrier must base its

5  decision on the facts presented to it at the time of tender.  <u>Gunderson</u>, 37 Cal. App. 4th at

6  1114; <u>Montrose</u>, 6 Cal.4th at 295.  In making this decision, the carrier must consider the

7  allegations raised in the third-party complaint, any extrinsic evidence presented by the

8  insured, and the carrier must also conduct a reasonable investigation into the circumstances

9  of the claim.  <u>Anthem Electronics, Inc. v. Pacific Employers Ins. Co</u>., 302 F.3d 1049, 1054-55

10  (9th Cir. 2002) (citations omitted).

11      A determination of coverage under an insurance policy is considered a question of law

12  and is thus appropriate for summary judgment.  <u>Waller v. Truck Insurance Exch., Inc</u>., 11

13  Cal.4th 1, 18 (1995).  Due to the high burden of proof borne by the insurer, though, the insurer

14  can only prevail on summary judgment if "there is no genuine issue of material fact as to the

15  potential for coverage."  <u>Anthem</u>, 302 F.3d at 1055 (citation omitted).

16      B.    Property Damage

17      Sony argues that the <u>Kim/Kaen</u> complaints give rise to coverage under the "property

18  damage" provision because the <u>Kim/Kaen</u> plaintiffs are alleging damage to their game and

19  movie discs.  Sony does not argue that the <u>Kim/Kaen</u> plaintiffs are alleging "loss of use" of the

20  PS2s themselves, presumably because the exclusion barring coverage for loss of use caused

21  by "damage to your product" bars claims based on product defect.  Policy Section I(A)(2)(k).

22      For these claims to qualify as "property damage," Sony must show that any damage to

23  the discs constitutes potential "physical injury to tangible property," or"loss of use of tangible

24  property that is not physically injured."  Policy Section I(A)(1)(a), Section V(15), and that no

25  exceptions to coverage apply.

26          1.    "Physical Injury"

27      Sony first argues that they have demonstrated to American Home that the discs

28

United States District Court

For the Northern District of California

1    suffered "physical damage" sufficient for the duty to defend to arises.  In reviewing the <u>Kim</u> and

2    <u>Kaen</u> complaints, it is clear that no such allegations are in fact made.  Both of these

3    complaints specifically allege defects in the PS2 itself, and nothing about any damage done to

4    the discs.  There is thus no legal theory on which a claim of property damage can be made.

5           Sony concedes this, but claims that even if the complaints do not contain actual

6    allegations of property damage, the information they submitted in conjunction with their re-

7    tender to American Home in October 2003 contained ample extrinsic evidence that

8    customers complained about scratched game and movie discs.  Sony argues that even if no

9    theory of liability was stated in the complaint, the facts presented in these customer

10   complaints were sufficient to suggest that Sony was potentially liable for property damage and

11   thus American Home was required to defend the suit.  <u>See, e.g.</u>, Herp Decl. Exh. C (collection

12   of consumer complaints received by Sony).

13          While an insurance company is properly required to tender a defense if there is any

14   possibility of a covered claim, the insurance company is also not required to defend against

15   speculative or unpled claims.  <u>Gunderson</u>, 37 Cal. App. 4th at 1114.  At this point in the

16   <u>Kim/Kaen</u> action, the named plaintiffs had certified that their claims were representative of

17   those throughout the class, and that they sought damages relating only to the repair of the PS-

18   2.  Ashley Decl. Exh. 9 at194:20-195:5 (2/6/03 Kim Depo.); Exh. 10 at 186:9-18 (2/7/03

19   Hinojosa Depo.); Exh. 11 at 192:11-19 (2/25/03 Kaen Depo.).  In fact, Kim specifically stated

20   that he was <u>not</u> claiming in the litigation that any physical damage had been done to the discs

21   or to any of his personal property.  <u>Id</u>. Exh. 9 at 195:6-13 (2/6/03 Kim Depo.: "Q: And you have

22   never perceived that there was any damage done to any disk by the PS-2.  Correct? A: Yes.").

23          Based on this evidence, American Home properly concluded that the <u>Kim/Kaen</u>

24   dispute did not encompass the claims of scratched discs now proffered by Sony.  American

25   Home was not required to tender a defense based solely on the extrinsic consumer

26   complaints of physical damage to third-party property, absent any evidence that those claims

27   would be asserted in the <u>Kim/Kaen</u> litigation, and in the face of evidence that such complaints

28

United States District Court

For the Northern District of California

1    were in fact not being asserted in the Kim/Kaen litigation.

2              2.    "Loss of Use"

3         Alternatively, Sony argues that even though the discs were not damaged, the

4    consumers suffered "loss of use" within the meaning of the "property damage" provision of the

5    Policy.

6                   a.    Design Defect versus Loss of Use

7         In reviewing the Kim/Kaen complaints, it is readily apparent that they are directed

8    solely to allegations of a design defect in the PS2.  See, e.g., Kaen complaint ¶ 44

9    ("Playstation 2 has numerous fundamental defects that make it incapable of serving as a

10   home DVD movie player"), Kim complaint ¶ 33 ("Sony has manufactured many thousands,

11   and perhaps millions, of Sony PS2s that possess a serious, inherent defect which makes the

12   PS2s unable to read 'blue-bottom' CD games . . . and original Playstation games.").  There is

13   thus no theory of liability stated in the complaint based on any alleged damages suffered due

14   to the Kim/Kaen plaintiffs' loss of use of their discs.

15        In fact, the Kaen complaint specifically alleges that consumers would be misled by

16   Sony's warranty because it would lead them to believe that "the reason a number of DVD

17   movies do not play properly on their Playstation 2 is due to a problem with the DVD movies

18   rather than a defect in their Playstation 2. . . . The statement leads consumers to believe that

19   the problem lies in particular DVD movies rather than a defect in their Playstation 2."  Kaen

20   complaint ¶ 41. (emphasis added).  Similarly, the Kim complaint alleges, "Many times, class

21   members erroneously attribute these problems [the inability to play game discs or movie

22   DVDs] not to their new PS2 but to their CD and DVD discs, unsuccessfully attempting to clean

23   the discs, or even discarding or replacing them."  Kim Complaint ¶ 36 (emphasis added).

24   These statements make it clear that the Kim/Kaen plaintiffs were specifically not claiming any

25   damage caused by the loss of use of the discs.[4]

26   _____

27        [4]    For this reason, Anthem is inapplicable. In Anthem, the product at issue (a circuit
     board) was conceded to have rendered wholly inoperable all scanners into which it was
28   incorporated. 302 F.3d at 1058.  Similarly, Henrickson v. Zurich American Ins. Co. of Ill., 72 Cal.

                                         6

United States District Court

For the Northern District of California

1    However, Sony argues that the facts alleged in the complaint demonstrate that the

2  Kim/Kaen plaintiffs were not able to use their discs because of the problems with the PS2s,

3  and therefore they have shown a potential for coverage based on loss of use.  It is true that a

4  design defect will often have the side effect of causing the loss of use of related personal

5  property.  As American Home's counsel analogously argued at the hearing, if a washing

6  machine breaks down and thus cannot wash clothes, the owner of the washing machine also

7  cannot make use of his or her clothes.

8    In determining whether a "loss of use" claim has been made, courts examine the nature

9  of the damages requested in the third-party complaint to distinguish between property

10  damage claims and design defect issues.  See Collin v. American Empire Ins. Co., 21 Cal.

11  App.4th 787, 818 (1994).  In order to show "loss of use," the plaintiff must request damages

12  equivalent to the "rental value of similar property which the plaintiff can hire for use during the

13  period when he is deprived of the use of his own property."  Id., citing 23 Cal.Jur.3d, Damages

14  § 69; see also F&H Construction v. ITT Hartford Ins. Co. of the Midwest, 118 Cal.App. 4th 364,

15  377 (2004).

16    Here, the Kim/Kaen plaintiffs do not request damages for new game or movie discs,

17  but rather, request compensation for the costs incurred in repairing the PS2s.  Kim Complaint

18  ¶¶ 50-52 (costs incurred to repair PS2); Kaen Complaint ¶¶ 38, 39 (same).  Analogously, the

19  owner of the broken washing machine does not seek compensation for the loss of the ability

20  to wear the unwashed clothing, but rather, seeks compensation to have the washing machine

21  repaired or replaced.  Similarly, the Kim/Kaen plaintiffs do not request damages to repair or

22  replace any damaged game discs, but rather, seek compensation to repair or replace the

23  PS2.  Viewed in this light, the Kim/Kaen complaints seek relief for design defect damages

24  and not property damage.

25

26  App. 4th 1084, 1090 (1999), involved real property that was rendered completely unusable
   because defective strawberry plants were planted in the soil.  Here, the discs at issue were not

27  rendered wholly unusable in properly-functioning PS2s or other disc-reading devices, because
   they were only unusable in the defective PS2s and remained otherwise useable.

28

7

United States District Court

For the Northern District of California

1                                b.       Policy Exclusion and Policy Exception

2          Because the Kim/Kaen complaints must be read solely as alleging a design defect,

3    Policy Exclusion (m) applies.  Exclusion (m) holds that any damage caused by design defects

4    in the insured's own product are not covered under the Policy.  "This insurance does not apply

5    to . . . property damage to . . . property that has not been physically injured, arising out of a

6    defect, deficiency, inadequacy, or dangerous condition in your product."  Policy Section

7    I(A)(2)(m).  Thus, because any loss of use of the discs arises solely from the alleged design

8    defect in the PS2, Exclusion (m) bars coverage.

9          However, Sony argues that even if Exclusion (m) applies, the "sudden and accidental"

10   exception to Exclusion (m) supersedes it.  That exception permits coverage to be found if the

11   loss of use in question based on defects in the insured's own product was caused by "sudden

12   and accidental physical injury to your product after it has been put to its intended use."  Policy

13   Section I(A)(2)(m).

14         However, Sony bears the burden of showing that an exception applies.  Aydin Corp. v.

15   First State Ins. Co., 18 Cal.4th 1183, 1192 (1996) (insured bears burden of proof in

16   establishing coverage under the "sudden and accidental" exception to policy exclusion).  Here,

17   Sony provided American Home no evidence that the PS2s became unable to play discs

18   because of any type of "sudden or accidental" injury to the PS2 device.  There is nothing in the

19   complaint or any of the other evidence presented that the PS2s suffered any sort of "sudden

20   and accidental physical injury" that caused them to stop playing movie and game discs.

21   Rather, the complaint makes it clear that the problems with the PS2 stem from a "fundamental

22   defect" in the machine itself.  Kaen complaint ¶ 44; see also Kim complaint ¶¶ 33-37

23   (describing PS2s as "suffer[ing] from a common and uniform defect").  This is thus insufficient

24   to meet Sony's burden of proof on the applicability of the "sudden and accidental" injury

25   exception.

26         Exclusion (m) thus continues to apply and no coverage exists for the Kim/Kaen

27   complaints.  Summary judgment is therefore GRANTED to American Home on Sony's claim

28

1  for breach of the duty to defend, and Sony's motion for partial summary judgment on the claim

2  for breach of the duty to defend is DENIED.

3       C.      Remaining Claims

4       At the hearing, Sony conceded that all the remaining asserted claims would rise or fall

5  in conjunction with the breach of the duty to defend claim.  Because summary judgment has

6  been granted on the duty to defend claim, judgment must also be granted on the claim for

7  failure to indemnify and the claim for declaratory relief.  Because no breach of contract has

8  been shown, the bad faith claim fails as well.  Love v. Fire Insurance Exch., 221 Cal.App.3d

9  1136, 1153 (1990).  Finally, because American Home bears no liability, it's motion to strike

10  Sony's request for punitive damages is GRANTED.

11       D.      Conclusion

12       American Home's motion for summary judgment on all claims is GRANTED, and

13  Sony's motion for partial summary judgment on the breach of contract claim is DENIED.  This

14  order fully adjudicates the matters listed at nos. 167, 176, and 224 on the clerk's docket for

15  this case.

16       **IT IS SO ORDERED.**

17  Dated: August 30, 2005

18  _____
    PHYLLIS J. HAMILTON
19  United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

9