**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONY COMPUTER ENTERTAINMENT AMERICA INC.,

    Plaintiff,

    v.

AMERICAN HOME ASSURANCE COMPANY; and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

    Defendants.
_____/

No. C 04-0492 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Before this court is plaintiff Sony Computer Entertainment America, Inc.'s ("Sony"'s) motion for reconsideration and order altering or amending the judgment rendered by this court on August 30, 2005. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.

## **BACKGROUND**

The instant case is an insurance dispute. Initially, Sony was sued in state court in two class actions (the Kim/Kaen actions), in which a class of plaintiffs alleged that Sony's Playstation 2s ("PS2"s) suffered from a design defect that rendered them unable to play DVDs and certain game discs. Afterward, Sony filed this action against its insurer, defendant American Home Assurance Co. ("American Home"), and others, alleging that American Home had improperly refused to tender a defense to Sony in the original class actions.

Sony and American Home filed cross-motions for summary judgment, which were heard on August 24, 2005. On August 30, 2005, this court entered an order granting summary judgment in favor of defendant American Home and denying summary judgment as to Sony.

That same day, the court also entered judgment in favor of American Home.

In the order, this court held that American Home did not have a duty to defend Sony. Specifically, the court held that none of the claims asserted in the underlying class actions gave rise to coverage under the "property damage" provision of American Home's insurance policy. The court determined: (1) that Sony was unable to show damage to DVDs or discs constituting "physical injury to tangible property" within the meaning of "property damage"; (2) that Sony failed to demonstrate "loss of use of tangible property that is not physically injured" within the meaning of "property damage"; (3) that exclusion (m) of the insurance policy applied, which holds that any damage caused by design defects in the insured's own product are not covered[1]; and (4) that Sony failed to prove that the "sudden and accidental" exception to exclusion (m) applied, such that coverage would exist.

Sony now files the instant motion to have the court reconsider its ruling, and alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59.

## DISCUSSION

A.   Legal Standard

A motion to amend judgment under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

B.   Legal Analysis

Sony asserts that several factors require the court to reconsider its ruling, and alter or amend the judgment. First, Sony asserts the existence of new facts that should be considered: (1) recent testimony provided by Doug Wylly; (2) the Kim/Kaen settlement document; and (3) John Kim's withdrawal as named plaintiff in the Kim complaint. Second,

---

[1]   As a necessary corollary to this holding, the court held that the Kim/Kaen plaintiffs alleged damage resulting from design defects, and not loss of use.

Sony argues that the court committed legal errors in its prior order and judgment. Specifically, Sony argues that the court erred in (1) its duty to defend analysis; (2) its "loss of use" analysis; and (3) its construction of the proper burden on the "sudden and accidental" exception analysis.

For the reasons that follow, none of Sony's arguments has merit.

### 1. Mr. Wylly's "New" Testimony

Sony asserts that Doug Wylly, one of American Home's claim attorneys, has recently admitted that the underlying Kim/Kaen allegations did, indeed, assert claims for "loss of use," such that an order altering or amending the judgment is necessary. With respect to this "new" evidence, however, Mr. Wylly's testimony does not alter the court's decision.

Mr. Wylly's testimony does not "admit," as Sony claims, that there was a claim made by the underlying plaintiffs for loss of use of DVDs or game discs. His testimony only shows that Mr. Wylly understood the underlying allegations to state that the PS2s did not play DVDs and game discs. There is a difference between these. Moreover, Sony itself concedes that Mr. Wylly also went on to specifically state that he did not consider the underlying claims to cover "loss of use" because the discs could be played on something else. As such, this evidence is insufficient to disturb the court's ruling that the underlying allegations did not state claims for loss of use of the discs.

### 2. The Kim/Kaen Settlement

Sony next argues that the court should alter or amend the August judgment because it failed to consider a critical piece of evidence, the Kim/Kaen settlement document. According to Sony, this document confirmed that the Kim/Kaen actions encompassed loss of use claims, contrary to the court's ultimate finding.

This argument also fails. First, the settlement document is not new evidence. Indeed, Sony does not even pretend to argue that it is new. Instead, Sony agrees that the court had the settlement document before it at the time of the motions, but simply takes issue with the court's failure to reference the settlement agreement in its order. This is not enough to

3

establish sufficient grounds for altering and amending a judgment. Moreover, Sony ignores the fundamental premise that failing to specifically refer to a particular piece of evidence in no way implies that the court did not consider the evidence. Second, and equally important, a duty to defend determination must be based on facts known by the insurer at the time of tender. Gunderson v. Fire ins. Exch., 37 Cal. App. 4th 1106, 1114 (1995). The settlement agreement, and its later description of claims, does not constitute evidence known to the insurer at the time of tender.

### 3. John Kim's Withdrawal as Named Plaintiff

Sony points out that plaintiffs' counsel in the Kim/Kaen actions recently announced their intention to withdraw John Kim as named plaintiff. According to Sony, this new development mandates reconsideration and alteration or amendment because the court relied on Mr. Kim's testimony for its conclusions regarding allegations of property damage in the Kim/Kaen claims, and Mr. Kim's testimony no longer has any bearing on the Kim/Kaen claims.

Again, Sony's arguments are misguided. Mr. Kim is a representative plaintiff, and the court's description of Mr. Kim's testimony should be read as pointing out an example of plaintiffs' testimony only. Moreover, as American Home points out, other plaintiffs testified to the same effect as Mr. Kim; that testimony standing alone provides a basis for the court's order. Furthermore, mere withdrawal of the plaintiff as the named plaintiff does not alter the value of the testimony at the time it was considered. Notably, Sony makes no argument here that Mr. Kim has been withdrawn due to evidence that he testified untruthfully as to the underlying claims. Absent such proof, there is no basis for finding that Mr. Kim's withdrawal as named plaintiff alters the court's analysis.

### 4. Duty to Defend Analysis

Sony also argues that the court erroneously analyzed American Home's duty to defend. In sum, Sony claims that the court determined American Home's duty to defend based on whether the Kim/Kaen plaintiffs expressly alleged a cause of action "specifically requesting damages arising from covered property damage." Sony asserts that American Home's duty

1  to defend should instead have been triggered by any allegations showing the mere possibility
2  that the Kim/Kaen plaintiffs were seeking damages for covered property damage.
3       This argument is unpersuasive.  In making it, Sony ignores the fact that the court (1)
4  acknowledged that a duty to defend may only be excused when a third-party complaint "can by
5  no conceivable theory raise a single issue which would bring it within the policy coverage" and
6  (2) went on to hold that no allegations were made in the underlying state class action
7  complaints that could have supported a legal theory on which a property damage claim could
8  have been made.  Order at 4-5.  Accordingly, the court utilized the correct legal standard, and
9  specifically held that no "possibility" of coverage existed.

          5.    "Loss of Use" Analysis

11       Sony asserts that the court erred in its "loss of use" analysis.  Specifically, Sony points to
12  the court's purported misreading of Anthem Electronics, Inc. v. Pacific Employers Ins. Co., 302
13  F.3d 1049 (9th Cir. 2002), and Hendrickson v. Zurich American Ins. Co. of Illinois, 72 Cal. App.
14  4th 1084 (1999).  According to Sony, the court misread those cases to require that the game
15  discs at issue be "wholly unusable" before a loss of use claim can be established.  The court
16  compounded its error, argues Sony, by also concluding that loss of use claims are only alleged
17  if the underlying plaintiffs specifically plead as damages the rental value of the discs.
18       Anthem Electronics and Hendrickson both supported loss of use claims where the
19  defective product in question rendered another product unusable.  In Anthem Electronics,
20  defective circuit boards rendered the scanners in which they were installed unusable.  See 302
21  F.3d at 1057.  In Hendrickson, defective strawberry crops rendered the fields in which they
22  were planted unusable.  See 72 Cal. App. 4th at 1091.  Sony points out that neither the
23  scanners nor the fields were "wholly unusable," as the court purportedly required – the scanners
24  could have been repaired, and the fields could have been used for other types of production.
25  The court need not disagree with this point, however, to conclude that Sony's argument misses
26  its mark. Both the scanners and fields in Anthem Electronics and Hendrickson were rendered
27  unusable as a result of defective products in a way that the discs here were not.  As long as the
28

5

defective circuit boards were in place, the scanners could not be used.  As long as the defective strawberry crops were planted, the underlying fields could not be used for other purposes.  The same simply cannot be said here:  despite the defective PS2s, the game discs *still could be used* in any other player.  Accordingly, no loss of use resulted.

With respect to Sony's argument that the court incorrectly concluded that loss of use claims are alleged only if plaintiffs plead as damages the rental value of the game discs, it is difficult to see how Sony's arguments establish cause for altering or amending the judgment.  Sony does not actually claim that the rental value of game discs is an improper measure of damages – it claims only that there are other measures of damages that can also be taken into account, and that the Kim/Kaen claims alleged at least one of those other measures by alleging and seeking the replacement costs of the discs.  This argument amounts to no more than a disagreement with the court over the conclusions it reached, and does not establish clear error on the court's part such that reconsideration, and alteration or amendment is warranted.  Moreover, as American Home points out, there is no dispositive proof that the underlying plaintiffs *did* seek damages for the replacement costs of discs (resulting from loss of use).  The evidence presented by Sony to this effect is not especially compelling.  As such, amendment or alteration of the judgment is not warranted.

### 6. "Sudden and Accidental" Exception

Finally, Sony argues that the court misconstrued the burden on the "sudden and accidental" exception.  Sony claims that had the court properly placed the burden for proving the exception on American Home, and not on Sony, Sony would have prevailed.  However, even if the court *had* placed the burden on American Home, this would not have changed the result.  As the court stated in its order, Sony provided *no* evidence that the PS2s became unable to play discs because of any type of "sudden or accidental" injury to the PS2 device.  Order at 8.  And Sony provides no new evidence in support of its point now.[2]  Accordingly,

---

[2] Sony attempts to argue that the settlement agreement should be considered, but for the reasons discussed above, this evidence is not new.  At any rate, it would not change the analysis.

6

even a shift in burden now would not alter the analysis, and does not warrant alteration or amendment of the judgment.

In conclusion, none of Sony's arguments warrant reconsideration of the court's prior order, or altering or amending the judgment. Indeed, nearly all arguments amount to a re-argument of issues already presented and decided by the court. As such, it is difficult to conclude that Sony's motion is anything other than an attempt at a second bite at the apple, and the court is of the opinion that Sony has needlessly consumed judicial resources with the filing of this motion.

The instant motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 16, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge